# IN THE COURT OF APPEALS OF IOWA

No. 19-2087
Filed August 4, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AUSTINE THOMAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.

        After pleading guilty, the defendant claims ineffective assistance on direct appeal. **AFFIRMED.**

        Stuart Hoover, East Dubuque, IL, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Austine Thomas pled guilty to eluding, interference with official acts, reckless driving, driving on the wrong side of a two-way highway, and failure to obey a traffic control device—none of which are class "A" felonies. Judgment was entered against him in November 2019.

On appeal, Thomas claims he received ineffective assistance of counsel because counsel allowed him to plead guilty without a factual basis to support his pleas. But Iowa Code section 814.6(1)(a)(3) (Supp. 2019) limits the right to appeal from a guilty plea.[1] Because Thomas was not convicted of class "A" felonies, he must establish good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3). And Thomas has not even attempted to do so. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) ("[The defendant] bears the burden of establishing good cause to pursue an appeal from [their] conviction based on a guilty plea." (first alteration in original)). And even if he could establish good cause to challenge his pleas, section 814.7 prohibits us from deciding claims of ineffective assistance "on direct appeal from criminal proceedings."

Because Thomas raises no other issues on appeal, we affirm without further consideration.

**AFFIRMED.**

---

[1] Iowa Code sections 814.6 and 814.7 (Supp. 2019) took effect on July 1, 2019. The amended statutes apply to Thomas's case. *See State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021) ("The new legislation applies to this appeal because judgment and sentence was entered after the effective date of the bill.").